

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

ROBERT MCGUIRE,                    )      3:10-cv-00800-LRH (RAM
                                   )
        Plaintiff,                 )      **REPORT AND RECOMMENDATION**
                                   )      **OF U.S. MAGISTRATE JUDGE**
   vs.                          )
                                   )
E.K. MCDANIEL,                     )
                                   )
        Defendant.                 )
_____)

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Defendant's Motion to Dismiss. (Doc. #13.)[1] Plaintiff has opposed (Doc. # 27) and Defendant replied (Doc. # 28).[2] After a thorough review, the court recommends the motion be granted in part and denied in part.

## I. BACKGROUND

At all relevant times, Plaintiff Robert McGuire (Plaintiff) was in custody of the Nevada Department of Corrections (NDOC) as an inmate at Ely State Prison (ESP). (Pl.'s Am. Compl. (Doc. # 9).) Plaintiff brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) Defendant E.K. McDaniel (Defendant) is the former Warden at ESP. (*Id.* at 2.)

Plaintiff alleges that his due process rights under the Fourteenth Amendment were

_____

[1] Refers to court's docket number.

[2] Plaintiff initially filed an opposition (Doc. # 26) claiming he did not receive Defendant's motion, but subsequently filed an opposition (Doc. # 27) that addresses the merits of the motion to dismiss. All references herein are to the substantive opposition (Doc. # 27).

1   violated as a result of his classification to high risk potential (HRP) status on August 24, 2008.

2   (Doc. # 9 at 3-4.)  Specifically, he asserts that Operational Procedure (OP) 434 requires that

3   the warden approve the use of the HRP classification status by submitting Plaintiff's name to

4   a full classification committee for decision and provide Plaintiff with forty-eight (48) hour

5   written notice of the classification committee hearing, which Defendant failed to do.  (*Id.*)

6   Plaintiff also alleges that the warden is required to conduct a classification hearing every six (6)

7   months.  (*Id.*)  Plaintiff states he was classified to HRP status on August 24, 2008, and has

8   been in continuous disciplinary segregation without a six-month review.  (*Id.*)  He contends

9   that grievance responses promised he would have a classification hearing within thirty (30)

10  days, but he has still not had a classification review.  (*Id.* at 4.)  He alleges that his HRP status

11  resulted in atypical and significant hardship because he cannot work, is confined to his cell 23

12  to 24 hours a day, is prohibited from having contact visits, and must walk in full restraints

13  accompanied by three guards when he leaves his cell.  (*Id.* at 5.)  He also claims he would be

14  more likely to get a favorable parole determination if he were not on HRP status.  (*Id.* at 6.)

15       Defendant moves to dismiss because Plaintiff has failed to exhaust the available

16  administrative remedies.  (Def.'s Mot. to Dismiss (Doc. #13).)

17                              **II.  LEGAL STANDARD**

18       The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought

19  with respect to prison conditions under section 1983 of this title, or any other Federal law, by

20  a prisoner confined in any jail, prison, or other correctional facility until such administrative

21  remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  An inmate must exhaust his

22  administrative remedies irrespective of the forms of relief sought and offered through

23  administrative avenues. *Booth v. Churner*, 532 U.S. 731, 741 (2001).  The Supreme Court

24  recently clarified that exhaustion cannot be satisfied by filing an untimely or otherwise

25  procedurally infirm grievance, but rather, the PLRA requires "proper exhaustion." *Woodford*

26  *v. Ngo*, 548 U.S. 81, 89 (2006). "Proper exhaustion" refers to "using all steps the agency holds

27  out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id.* (quoting

28                                        2

1    *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original).

2       This court has interpreted Justice Alito's majority opinion in *Woodford* as setting forth

3 two tests for "proper exhaustion": (1) the "merits test," satisfied when a plaintiff's grievance is

4 fully addressed on the merits by the administrative agency and appealed through all the

5 agency's levels, and (2) the "compliance test," satisfied when a plaintiff complies with all critical

6 procedural rules and deadlines. *Jones v. Stewart*, 457 F. Supp. 2d 1131, 1134 (D. Nev. 2006).

7 "A finding that a plaintiff has met either test is sufficient for a finding of 'proper exhaustion'.

8 Defendants must show that Plaintiff failed to meet both the merits and compliance tests to

9 succeed in a motion to dismiss for failure to exhaust administrative remedies." *Id.*

10       The failure to exhaust administrative remedies is treated as a matter in abatement and

11 is properly raised in an unenumerated Rule 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108,

12 1119 (9th Cir.2003), *cert. denied*, 540 U.S. 810 (2003). Failure to exhaust administrative

13 remedies is an affirmative defense, and defendants bear the burden of raising and proving

14 failure to exhaust. *Jones v.* Bock, 549 U.S. 199, 216 (2007); *Wyatt*, 315 F.3d at 1119. A court,

15 in deciding a motion to dismiss based on exhaustion, may look beyond the pleadings and decide

16 disputed issues of fact without converting the motion into one for summary judgment. *Id.*

17 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir.

18 1988) (per curiam)). If a court concludes that the prisoner bringing a suit has failed to exhaust

19 nonjudicial remedies, "the proper remedy is dismissal of the claim without prejudice." *Id.* at

20 1120.

21       For prisoners within the NDOC system, exhaustion of administrative remedies requires

22 complying with the Inmate Grievance Procedure set forth in NDOC Administrative Regulation

23 740 (AR 740). (Doc. # 13, Ex. A.) During the relevant time period, the administrative process

24 consisted of: (1) an informal level grievance that is reviewed and responded to by an inmate

25 caseworker; (2) a first level formal written grievance appealing the informal grievance decision

26 to the warden at the institution where incident being grieved occurred; and (3) a second level

27 grievance appealing the first level grievance decision. (AR 740.05-740.07 (Doc. # 13-1 at 5-8).)

28                                 3

1   An informal level grievance must be filed within six months of an issue involving personal

2   property damage or loss, personal injury, medical claims or any other tort claims, including

3   civil rights claims, and within ten days for issues involving classification. (AR 740.05(4)(A),

4   (B) (Doc. # 13-1 at 6).) Failure to submit a proper informal grievance form within the

5   prescribed time frame constitutes abandonment of the grievance at the informal and all

6   subsequent levels. (AR 740.05(8) (Doc. # 13-1 at 6).)

7                                    **III. DISCUSSION**

8           Defendant argues that Plaintiff has failed to properly exhaust his available

9   administrative remedies. (Doc. # 13.) Specifically, Defendant asserts that while Plaintiff

10  alleges a violation of his Fourteenth Amendment rights in connection with his classification to

11  HRP status on August 24, 2008, and failure to subsequently hold a classification review

12  hearing every six months, his amended complaint references Grievance Number 2006289501,

13  filed at ESP on December 16, 2010. (Doc. # 9 at 11.) Therefore, Defendant argues Plaintiff did

14  not timely exhaust his administrative remedies as December 16, 2010 was more than twenty-

15  seven (27) months after Plaintiff received the HRP classification which serves as the basis for

16  this litigation.

17          Plaintiff contends that exhaustion of his administrative remedies was nevertheless

18  timely because while he was initially classified to HRP status on August 24, 2008, he has still

19  not received a six month classification hearing, and therefore the due process violation has

20  been ongoing. (Doc. # 27.)

21          Plaintiff produced the documentation referencing Grievance Number 2006289501,

22  which is referenced in his amended complaint. (Doc. # 9 at 11.) While Plaintiff's amended

23  complaint indicates that the grievance was filed on December 16, 2010 at ESP, the

24  documentation submitted indicates Plaintiff submitted an informal level grievance on April 1,

25  2010. (Doc. # 27 at 11.) In his informal level grievance he contends he is still on HRP status

26  without having had a classification hearing. (*Id.*) It appears that Plaintiff's caseworker

27  responded that classification was not required when Plaintiff was initially classified, and

28                                            4

1   Plaintiff would have an HRP status hearing the following month. (*Id.*)  Plaintiff noted his
2   disagreement with the informal level grievance response on May 6, 2010. (*Id.*)  Plaintiff
3   submitted a first level grievance that same day.  (*Id.* at 9.)   Prison officials responded
4   consistent with their informal level response. (*Id.* at 10.) Plaintiff submitted his second level
5   grievance on June 9, 2010. (*Id.* at 7.)  Again, prison officials responded that Plaintiff's due
6   process rights were not violated, and told him that he would be scheduled for HRP review
7   within the following month. (*Id.* at 8.)

8           It appears that Plaintiff failed to exhaust his administrative remedies with respect to his
9   claim that his due process rights were violated as a result of his initial classification to HRP
10  status on August 24, 2008, and the failure to provide him with a classification review hearing
11  until such time as he filed his informal level grievance. (*See* Doc. # 9 at 8.)  Therefore, this
12  claim should be dismissed without prejudice.   However, Plaintiff did fully exhaust his
13  administrative remedies with respect to his claim that his due process rights were violated as
14  a result of Defendant's alleged continuing failure to provide him with a classification hearing
15  which resulted in the maintenance of his HRP status and enduring confinement in segregation,
16  constituting an atypical and significant hardship in violation of his due process rights under the
17  Fourteenth Amendment.

18          Defendant's argument that the court should not consider Plaintiff's opposition because
19  he failed to authenticate the grievance documents filed in support of the opposition (*see* Doc.
20  # 28 at 3) is not well taken.   First, the court points out that Defendant similarly failed to
21  authenticate the version of AR 740 provided in support of its motion.   Second, the court is
22  troubled that Defendant relies on Plaintiff's reference in the amended complaint to the
23  grievance of this issue, but fails to provide the supporting grievance paperwork to the court,
24  and then has the gumption to criticize Plaintiff for not authenticating the very documents on
25  which Defendant relies to support the motion to dismiss. This is especially concerning because
26  that documentation undoubtedly provides the court with the factual framework to analyze the
27  exhaustion issue. Plaintiff does not object to the court's consideration of AR 740 in connection
28                                                          5

1  with this motion, and in fact relies on its provisions to support his opposition. Therefore, the
2  court will not take this occasion to deny Defendant's motion outright as a result of the failure
3  to authenticate AR 740.  However, Defendant is cautioned that failure to comply with the
4  Federal Rules of Civil Procedure and Federal Rules of Evidence in the future may result in the
5  denial of requested relief, especially when Defendant expects a *pro se* inmate's strict
6  compliance with those very same rules.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order
**GRANTING** the motion to dismiss (Doc. # 13) without prejudice as to Plaintiff's claim that
his due process rights were violated because he was not given proper notice and a hearing
concerning his initial classification to HRP status on August 24, 2008, and because of the
failure to hold a classification review hearing until the time Plaintiff filed his informal level
grievance. The motion should be **DENIED** with respect to Plaintiff's claim that his due process
rights were violated as a result of Defendant's alleged continuing failure to provide him with
a classification hearing which resulted in the maintenance of his HRP status and enduring
confinement in segregation, constituting an atypical and significant hardship in violation of his
due process rights under the Fourteenth Amendment.

///
///
///

1    The parties should be aware of the following:

2        1.        That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the

3    Local Rules of Practice, specific written objections to this Report and Recommendation within

4    fourteen (14) days of receipt.  These objections should be titled "Objections to Magistrate

5    Judge's Report and Recommendation" and should be accompanied by points and authorities

6    for consideration by the District Court.

7        2.        That this Report and Recommendation is not an appealable order and that any

8    notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the

9    District Court's judgment.

10

11        DATED: September 1, 2011.

12

13

14                                                    _____

15                                                    UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28                                                    7